UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/15

- - - - - - - - - - - - - - - - - - - - - - - - - - - - :

CHAO LU, *individually and on behalf of all other persons similarly situated*,

        Plaintiff,

        -against-

JUMEI INTERNATIONAL HOLDING LIMITED, *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - :

14cv9826

MEMORANDUM AND ORDER

XIANGBO YIN, *individually and on behalf of all other persons similarly situated*,

        Plaintiff,

        -against-

JUMEI INTERNATIONAL HOLDING LIMITED, *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - :

14cv9957

MEMORANDUM AND ORDER

TERRY BROCK, *individually and on behalf of all other persons similarly situated*,

        Plaintiff,

        -against-

JUMEI INTERNATIONAL HOLDING LIMITED, *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - :

14cv9993

MEMORANDUM AND ORDER

WILLIAM H. PAULEY III, District Judge:

Various plaintiffs in these federal securities class actions against Jumei International Holding Limited ("Jumei") move for appointment as lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"). Following publication of the required notice, seven separate motions were filed by parties seeking to be appointed as lead plaintiff. Two presumptive plaintiffs now vie for appointment: (1) Anthony Mathew ("Mathew"), represented by Faruqi & Faruqi, LLP; and (2) the Jumei Investor Group, represented by Pomerantz LLP.[1] For the following reasons, the Jumei Investor Group is appointed lead plaintiff, and Pomerantz LLP is appointed lead counsel.

## DISCUSSION

### I. Consolidation

Under the PSLRA, a court must decide whether to consolidate related actions prior to selecting a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The parties agree these actions should be consolidated. The complaints allege securities law violations against Jumei in connection with Jumei's May 2014 initial public offering. While minor differences in class definitions exist, the complaints arise out of the same course of conduct by the same defendants. Consolidation serves the interests of judicial economy. Accordingly, the actions against Jumei will be consolidated. See, e.g., In re Facebook, Inc., IPO Sec. and Derivative Litig., 288 F.R.D.

---

[1] The Jumei Investor Group is comprised of Bellport Overseas Limited ("Bellport"), Goldenrain Assets Limited ("Goldenrain"), and Cao Oujie. Goldenrain and Bellport are Virgin Islands companies, and are 100% owned by Chinese nationals Cao Oujie and Deng Wu, respectively. According to their declarations, Ouije and Wu have been friends and business partners for over 20 years. Thus, the Jumei Investor Group has "proffer[ed] an evidentiary showing that [they] will be able to function cohesively and . . . effectively manage the litigation apart from their lawyers." Pipefitters Local No. 636 Defined Ben. Plan v Bank of Am. Corp., 275 FRD 187, 191-92 (S.D.N.Y. 2011).

26, 35-36 (S.D.N.Y 2012); Phuong Ho v. NQ Mobile, Inc., No. 13-cv-8125 (WHP), 2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014).

II. Appointment of Lead Plaintiff

The PSLRA requires courts to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions" as soon as practicable after consolidation. 15 U.S.C. § 78u-4(a)(3)(B)(iii). The statute creates a rebuttable presumption that the lead plaintiff should be the plaintiff who: (a) has either filed a complaint or moved for lead plaintiff status; (b) has the largest financial interest in the relief sought; and (c) otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The plaintiff with the greatest financial interest in the litigation is entitled to a presumption in favor of appointment as lead plaintiff so long as that plaintiff otherwise satisfies the requirements of Rule 23. See Reitan v. China Mobile Games & Entm't Grp., Ltd., --- F. Supp. 3d ----, No. 14-cv-4471 (KMW), 2014 WL 6491433, at *4 (S.D.N.Y. Nov. 20, 2014); Baydale v. Am. Express Co., No. 09-cv-3016 (WHP), 2009 WL 2603140, at *2 (S.D.N.Y. Aug. 14, 2009). However, "[o]ther members of the purported class may try to rebut the statutory presumption by showing that the lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of unique defenses." Baydale, 2009 WL 2603140, at *2.

Here, the Jumei Investor Group purchased 140,085 Jumei shares during the class period, suffering damages of $1,977,665. And even if the Jumei Investor Group is disaggregated, Goldenrain alone suffered $1,655,721 in damages. Anthony Mathew, the competing movant, purchased 89,267 Jumei shares and suffered damages of $933,480.53. Thus, with damages far greater than any other movant, the Jumei Investor Group is the presumptive lead plaintiff.

Mathew opposes the Jumei Investor Group's appointment based upon (1) the alleged inadequacies of the Jumei Investor Group's evidentiary submissions regarding Goldenrain, and (2) allegations that a Chinese attorney improperly referred the Jumei Investor Group to Pomerantz. Alternatively, Mathew seeks to conduct discovery concerning the Jumei Investor Group's adequacy.

### a. Goldenrain's PSLRA Certification

The PSLRA requires a party seeking appointment as lead plaintiff to certify, among other things, "that the plaintiff has reviewed the complaint and authorized its filing." 15 U.S.C. § 78u–4(a)(2)(A). Mathew argues that Goldenrain's PSLRA certification is deficient because it does not expressly establish Oujie's authorization to file a complaint on its behalf, thereby subjecting Goldenrain (and the Jumei Investor Group as a whole) to a unique defense. In support, Mathew cites In re Enzymotec Ltd. Sec. Litig., No. 14-cv-5556, 2015 WL 918535 (D.N.J. Mar. 3, 2015), which held that the presumption in favor of a lead plaintiff was overcome where the presumptive lead plaintiff's PSLRA certification "provide[d] no indication that its signer . . . is authorized to sign the certification on [the presumptive lead plaintiff's] behalf." Enzymotec, 2015 WL 918535, at *3-4.

Here, Goldenrain's PSLRA certification failed to state that Oujie had authority to bind Goldenrain. Indeed, it was not until the Jumei Investor Group's surreply that Oujie unambiguously established her position as Goldenrain's sole director with authority to bind the company. A carefully-drafted PSLRA certification could have obviated the need to litigate the issue of corporate control, and saved both this Court and competing movants considerable time and resources. However, "minor or inadvertent mistakes made in a sworn certification do not

-4-

strike at the heart of Rule 23's adequacy requirement." <u>Khunt v. Alibaba Grp. Holding Ltd.</u>, 15-cv-00759 (CM), 2015 WL 1954134, at *13 (S.D.N.Y. May 1, 2015) (internal quotation and citation omitted). Moreover, the supplemental declarations submitted by Ouije remedied any deficiencies in the initial certification. <u>See Roby v. Ocean Power Technologies, Inc.</u>, No. 14-cv-3799 (FLW) (LHG), 2015 WL 1334320, at *9 (D.N.J. Mar. 17, 2015) ("Courts have found supplemental certifications sufficient to remedy deficiencies in the PSLRA certification.") (collecting cases). Accordingly, Mathew's arguments regarding Goldenrain's PSLRA certification fail to rebut the PSRLA's presumption in favor of the Jumei Investor Group.

b. <u>Referral Agreement</u>

At oral argument, counsel for the Jumei Investor Group acknowledged that it had entered into a fee-sharing arrangement with Chinese counsel in connection with this action. Mathew argues that such an arrangement is improper, and submits (without a certified translation) Chinese-language press releases ostensibly indicating that the Jumei Investor Group may have been mislead about the role of lead plaintiff and counsel in this litigation.

Although true that "[t]he lead plaintiff provisions of the PSLRA were intended to curtail the vice of lawyer-driven litigation," <u>Iron Works Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC</u>, 616 F. Supp. 2d 461, 463 (S.D.N.Y. 2009), the cases cited by Mathew do not support the proposition that a fee-sharing arrangement among a presumptive lead plaintiff's counsel renders that lead plaintiff inadequate. For example, in <u>Gordon v. Sonar Capital Mgmt. LLC</u>, No. 11-cv-9665(JSR), 2015 WL 1283636, at *3-5 (S.D.N.Y. Mar. 19, 2015), Judge Rakoff was concerned that the lead plaintiff was "too closely associated with class counsel" after it was revealed that the lead plaintiff's cousin had entered into a fee sharing agreement with co-lead counsel. Here, Mathew does not allege that any

conflict exists between the Jumei Investor Group and its Chinese counsel. Moreover, Ouije has submitted a declaration asserting that she understands her duties as lead plaintiff. (Ouije Decl. (ECF 34) ¶ 5.) Accordingly, Mathew's arguments regarding the Jumei Investor Group's Chinese counsel also fail to rebut the PSRLA's presumption.

## III. Motion for Limited Discovery

In the alternative, Mathew moves to conduct limited discovery of the Jumei Investor Group. "The PSLRA provides for discovery in connection with the appointment of lead plaintiff and counsel in limited circumstances, requiring 'the plaintiff first demonstrate a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.'" In re Tronox, Inc. Sec. Litig., 262 F.R.D. 338, 347 (S.D.N.Y. 2009) (quoting 15 U.S.C. § 77z–1 (a)(3)(B)(iv)). As discussed above, Mathew has not demonstrated a reasonable basis for overcoming the PSLRA's presumption in favor of the Jumei Investor Group, and discovery here "will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome." In re Tronox, Inc. Sec. Litig., 262 F.R.D. at 347-48. Accordingly, Mathew's request is denied.

## IV. Appointment of Lead Counsel

The Jumei Investor Group's counsel, Pomerantz LLP, is experienced and competent. Accordingly, this Court appoints Pomerantz LLP as lead counsel.

## CONCLUSION

For the foregoing reasons, the Jumei Investor Group is appointed lead plaintiff, and Pomerantz LLP is appointed lead counsel. Anthony Mathew's motion for limited discovery

of the Jumei Investor Group is denied. These actions are consolidated under the caption, "In re

Jumei International Holding Limited Securities Litigation, No. 14 Civ. 9826."

The Clerk of the Court is directed to terminate all pending motions.

Dated: June 22, 2015
      New York, New York

SO ORDERED:

                                  WILLIAM H. PAULEY III
                                        U.S.D.J.

*Copies to*:
All Counsel of Record.